# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

TIMOTHY SIMMONS,

        Plaintiff,

        v.

S.A. GODINEZ, et al.,

        Defendants.

No. 16 C 4501

Chief Judge Rubén Castillo

## MEMORANDUM OPINION AND ORDER

Timothy Simmons ("Plaintiff") brings this action under 42 U.S.C. § 1983, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132 *et seq.*, and the Rehabilitation Act, 29 U.S.C. § 794(a) *et seq.*, against S.A. Godinez ("Godinez"), Director of the Illinois Department of Corrections ("IDOC"); Tarry Williams ("Williams"), Warden of Stateville Correctional Center ("Stateville"); Dr. Saleh Obaisi ("Dr. Obaisi"), Medical Director at Stateville; Wexford Health Sources, Inc. ("Wexford"); and IDOC. (R. 43, Second Am. Compl.) Before the Court is IDOC's motion to dismiss Plaintiff's ADA claim on Eleventh Amendment grounds. (R. 115, Mot.) For the reasons stated below, the motion is denied.

## BACKGROUND

Plaintiff has been incarcerated within IDOC since 2007 and was held at Stateville between September 2009 and September 2015. (R. 43, Second Am. Compl. ¶ 17.) During his time at Stateville, Plaintiff alleges that he was made to use a top bunk without a ladder, requiring him to get in and out of bed by climbing on a sink. (*Id.* ¶¶ 18, 23.) Plaintiff alleges that on October 1, 2013, he slipped and fell on his back while attempting to climb out of his bunk. (*Id.* ¶ 24.) From October 2013 to September 2015, Plaintiff allegedly experienced "mobility-

limiting" back pain due to the fall. (*Id.* ¶ 28.) During that period, Plaintiff claims that he requested medical treatment numerous times from employees of IDOC and Wexford, a private company that provides medical care to inmates within IDOC. (*Id.* ¶¶ 29-30.) He alleges that his requests were denied or ignored. (*Id.* ¶¶ 40-46.) He further alleges that on multiple occasions, he requested a low bunk pass or an assistive device to get in and out of the top bunk. (*Id.* ¶¶ 31-32.) He claims these requests were also ignored. (*Id.* ¶¶ 33-34.) Due to his inability to climb up to the top bunk, Plaintiff alleges that he slept on the floor on multiple occasions during this period. (*Id.* ¶ 35.) After Plaintiff was transferred out of Stateville, he underwent an MRI, which revealed two bulging discs in his back. (*Id.* ¶ 43.)

In April 2016, Plaintiff filed a *pro se* complaint over the lack of treatment for his back and the lack of an accessible bed. (R. 1, Compl.) This Court appointed counsel to represent him. (R. 6, Order.) After an earlier amendment, Plaintiff filed his second amended complaint on March 21, 2017. (R. 43, Second Am. Compl.) In Count I, Plaintiff alleges that Godinez, Williams, and Dr. Obaisi exhibited deliberate indifference to his medical needs. (*Id.* ¶¶ 47-57.) In Count II, Plaintiff alleges that Wexford's policy of using "cost-cutting measures" violated his constitutional right to adequate medical care. (*Id.* ¶¶ 58-62.) In Counts III and IV, Plaintiff alleges that Wexford and IDOC denied him reasonable accommodations in violation of the ADA and the Rehabilitation Act by failing to provide him with a low bunk pass or an accessible bed. (*Id.* ¶¶ 63-86.)

Dr. Obaisi,[1] Williams, and Godinez all answered the Second Amended Complaint. (R. 48, Answer; R. 55, Answer.) Wexford and IDOC both moved to dismiss. (R. 46, Mot.; R. 53, Mot.) On August 16, 2017, this Court issued a memorandum opinion and order denying both

---

[1] Dr. Obaisi subsequently passed away, and the executor of his estate has since been substituted as a defendant. (R. 132, Order.)

motions in their entirety. *Simmons v. Godinez*, No. 16-4501, 2017 WL 3568408, *1-6 (N.D. Ill. Aug. 16, 2017). In doing so, the Court determined that Plaintiff had adequately stated claims under the ADA and the Rehabilitation Act, as well as a claim for violation of his constitutional rights. *Id.* at *3-6. After the Court's ruling, Wexford filed its answer. (R. 96, Answer.) IDOC answered Counts I, II, and IV, (R. 116, Answer), but now moves to dismiss Count III—the ADA claim—on Eleventh Amendment grounds. (R. 115, Mot.) Plaintiff opposes the dismissal of this claim. (R. 123, Resp. at 2-6.)

## ANALYSIS

Under the Eleventh Amendment, "an unconsenting State is immune from suits brought in federal courts by her own citizens[.]" *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). Thus, unless sovereign immunity is waived by the state[2] or expressly abrogated by Congress, a state cannot be sued for damages by a private citizen in federal court. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *Sonnleitner v. York*, 304 F.3d 704, 717 (7th Cir. 2002). State agencies like the IDOC are treated the same as states for Eleventh Amendment purposes. *Billman v. Indiana Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995).

It must be noted at the outset that IDOC's motion is largely an academic exercise, because Plaintiff also brings a claim against IDOC under the Rehabilitation Act. (*See* R. 43, Second. Am. Compl. ¶¶ 75-86.) Relief available under the ADA is "coextensive" with relief available under the Rehabilitation Act, and Illinois has waived its sovereign immunity for claims brought under the Rehabilitation Act by accepting federal funds to operate its prisons. *Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 671-72 (7th Cir. 2012). Thus, IDOC will remain a party to this

---

[2] Illinois has legislatively waived its Eleventh Amendment immunity for ADA claims brought by "[a]n employee, former employee, or prospective employee of the State," 745 ILL. COMP. STAT. 5/1.5(d), but Plaintiff does not fall within the purview of this statute.

case, and Plaintiff will be entitled to the same relief, regardless of whether the ADA claim against IDOC is dismissed. *See id.*

Nevertheless, Plaintiff's claim against IDOC under the ADA raises a "thorny question of sovereign immunity." *Jaros*, 684 F.3d at 672. The Supreme Court has "expressly declined to decide whether states are immune from suits for damages arising from conditions that violate the ADA but not the Constitution." *Id.* at 672 n.5 (citing *United States v. Georgia*, 546 U.S. 151, 159 (2006)); *see also Morris v. Kingston*, 368 F. App'x 686, 689 (7th Cir. 2010) (observing that in *Georgia*, the Supreme Court "left open the question whether the ADA could validly abrogate sovereign immunity for non-constitutional violations" (emphasis omitted)). However, the Supreme Court has held that "insofar as Title II creates a private cause of action for damages against the States for conduct that actually violates the Fourteenth Amendment, Title II validly abrogates state sovereign immunity." *Georgia*, 546 U.S. at 159 (emphasis omitted). This has been interpreted to mean that "where the state's conduct is alleged to violate both the Constitution and the ADA, a state is not immune from suit under the Eleventh Amendment." *Johnson v. Godinez*, No. 13 CV 2045, 2015 WL 135103, at *7 (N.D. Ill. Jan. 9, 2015). Thus, where a prisoner alleged not only an ADA claim, but also a claim that the defendants' conduct violated his right to medical treatment under the Constitution, IDOC did not have Eleventh Amendment immunity. *Id.*; *cf. Wagoner v. Ind. Dep't of Corr.*, No. 3:05-CV-438-CAN, 2013 WL 11842011, at *7 (N.D. Ind. Nov. 26, 2013) (concluding that because prisoner's constitutional claims had been dismissed, it was an "open question" whether state department of corrections had Eleventh Amendment immunity from prisoner's ADA claim), *aff'd on other grounds by Wagoner v. Lemmon*, 778 F.3d 586 (7th Cir. 2015).

Here, Plaintiff alleges that he was denied adequate medical care and adequate bedding while incarcerated within IDOC, and that the failure of individuals employed by IDOC[3] to provide him with a low bunk pass or an assistive device resulted in him sleeping on the floor on many occasions. (R. 43, Second Am. Compl. ¶¶ 75-86.) Failure to provide an inmate with adequate medical care or adequate bedding violates the Constitution. *See Farmer v. Brennan,* 511 U.S. 825, 832 (1994) (holding that inmates are entitled to adequate medical care for serious medical needs under the Constitution); *Budd v. Motley,* 711 F.3d 840, 843 (7th Cir. 2013) (holding that inmates are entitled to "minimal standards of habitability" under the Constitution, including "adequate bedding"). Therefore, the Court finds that Plaintiff has sufficiently alleged conduct by IDOC that, if proven, would violate both the Constitution and the ADA, thus avoiding any issue with sovereign immunity. *See Georgia,* 546 U.S. at 159; *Johnson,* 2015 WL 135103, at *7. IDOC's motion to dismiss will be denied.

As a final matter, in its response to the motion, Plaintiff asks the Court to not only deny the motion but also to hold IDOC in default, apparently because IDOC delayed in answering Count III. (R. 123, Resp. at 4-5.) The Court declines to take this drastic step, as IDOC has not violated any scheduling order or otherwise failed to respond to the Second Amended Complaint. *See generally* FED. R. CIV. P. 55(a). The Court will instead order IDOC to answer Count III by the deadline set below. The Court also declines to award sanctions against IDOC for bringing this motion as Plaintiff requests. (R. 12, Resp. at 5.) While the better course might have been for IDOC to raise this argument in its earlier motion to dismiss, IDOC's conduct has not unduly

---

[3] Although the Supreme Court has expressly declined to decide the issue, *see City & Cty. of San Francisco v. Sheehan,* 135 S. Ct. 1765, 1773-74 (2015), lower courts have interpreted the ADA and the Rehabilitation Act to provide for *respondeat superior* liability. *See Reed v. Columbia St. Mary's Hosp.,* 782 F.3d 331, 337 (7th Cir. 2015) (concluding that plaintiff stated ADA and Rehabilitation Act claims against hospital based on alleged misconduct by its employees); *Novak v. Hall,* 139 F. Supp. 3d 901, 909 (N.D. Ill. 2015) (rejecting argument that county could not be held vicariously liable for actions of its employees under the ADA and Rehabilitation Act).

delayed the proceedings. The parties conducted discovery while the motion was pending, and the Court has set a trial date of July 23, 2018—to which it intends to adhere. (*See* R. 130, Min. Entry.) IDOC's argument about sovereign immunity, which the U.S. Court of Appeals for the Seventh Circuit has acknowledged is a "thorny" issue, cannot be considered so frivolous as to warrant the imposition of sanctions. *Jaros*, 684 F.3d at 672.

## CONCLUSION

For the foregoing reasons, the motion to dismiss (R. 115) is DENIED. The IDOC is ordered to answer Count III within seven days of this order. The July 23, 2018, trial date and the June 29, 2018, deadline for filing dispositive motions previously set by this Court shall stand. The parties are DIRECTED to reevaluate their settlement positions in light of this opinion and to exhaust all settlement possibilities prior to the next status hearing.

ENTERED:

**Chief Judge Rubén Castillo**
**United States District Court**

**Dated: May 25, 2018**